

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JONATHAN LEE RICHES, | Civil Action No. 7:08-cv-00148; 7:08-cv-00149; 7:08-cv-00150; 7:08-cv-00151; 7:08-cv-00152; 7:08-cv-00153; 7:08-cv-00154; 7:08-cv-00155; 7:08-cv-00156; 7:08-cv-00157; 7:08-cv-00158; 7:08-cv-00159; 7:08-cv-00160; 7:08-cv-00161; 7:08-cv-00162; 7:08-cv-00163; 7:08-cv-00166; 7:08-cv-00167; 7:08-cv-00168; 7:08-cv-00169; 7:08-cv-00170; 7:08-cv-00171 |
| v. | |
| | MEMORANDUM OPINION |
| VARIOUS RESPONDENTS. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Jonathan Lee Riches, a prisoner housed at FCI Williamsburg in Salters, South Carolina and proceeding pro se, filed these petitions for writs of habeas corpus relief, pursuant to 28 U.S.C. § 2241. However, the court does not have jurisdiction to consider a petition pursuant to § 2241 because Riches is located in South Carolina. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (the proper venue for a § 2241 petition is the district in which the petitioner is incarcerated). Moreover, in all of Riches petitions, it appears that he is actually attempting to challenge his conditions of confinement, and therefore, the court will construe his petitions as actions pursuant to 42 U.S.C. § 1983.[1] As Riches has not submitted the necessary $350.00 filing fee for a civil action, the court will also construe his

---

[1] It appears to the court that Riches is deliberately attempting to avoid the restrictions of 28 U.S.C. § 1915(g) for filing a § 1983 action by attempting to bring his claims as habeas petitions pursuant to § 2241. Riches is once again advised that inmates do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive, or vexatious motions. Demos v. Keating, 33 F. App'x. 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001); In re Vincent, 105 F.3d 943 (4th Cir. 1997). The court again notes Riches' history and reputation throughout the federal courts of filing frivolous actions. The United States Court Pacer U.S. Party/Case Index lists Riches as having filed more than 980 actions in various courts, over 690 of which have been filed since January 1, 2008. The court agrees with several other courts which have found that Riches has no good faith basis for pursuing the litigation and only intends to harass. See Riches v. Simpson, et al., No. 6:07cv1504 (M.D. Fla. Sept. 27, 2004); Riches v. Snicket, No. 3:08cv1 (N.D. W. Va. Feb. 1, 2008); Riches v. JENA 6, No. 07cv1656 (W.D. La. Oct. 24, 2007). Moreover, Riches is not housed in this district and does not allege that any of the events that he complains about occurred in this district. Riches' excessive filing of frivolous actions has become a burden on this court. Since January 2008, Riches has filed at least 103 actions in this court. Further, the court finds that if Riches continues to file such frivolous and abusive filings, there is no alternative to a pre-filing injunction to protect the court. Accordingly, Riches is once again notified that future frivolous and abusive filings will result in the court's imposition of a pre-filing injunction against him. See Cromer v. Kraft Foods North America, Inc., 390 F.3D 812, 819 (4th Cir. 2004).

pleadings as requests to proceed in forma pauperis and deny those requests.

According to court records, Riches has filed well over three previous civil rights complaints which have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[2] Therefore, Riches may not proceed with these actions unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As Riches has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court dismisses all of his complaints without prejudice.[3]

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER:  This 21st day of February, 2008.

_____
United States District Judge

---

[2] See e.g., Riches v. Bureau of Prisons, No. 6:06cv00194 (D.S.C. Mar. 20, 2006); Riches v. Bush, No. 4:06cv00442 (D. S.C. Mar. 22, 2006); Riches v. Doe, No. 1:07cv20042 (S.D. Fla. Jan. 24, 2007); Riches v. Guantanamo Bay, No. 2:07cv13041 (E.D. Mich. Aug. 8, 2007); Riches v. Swartz, No. 7:07cv00379 (W.D. Va. Aug. 13, 2007); Riches v. James, No. 1:07cv02486 (N.D. Oh. Aug. 23, 2007); Riches v. Bonds, No. 3:07cv00375 (N.D. Ind. Aug. 16, 2007); Riches v. Pelosi, No. 3:07cv03695 (N.D. Cal. Aug. 30, 2007); Riches v. Schiavo, No. 8:07cv01644 (M.D. Fla. Sept. 18, 2007); Riches v. Snipes, No. 5:07cv00376 (M.D. Fla. Sept. 24, 2007); Riches v. Simpson, No. 6:07cv01504 (M.D. Fla. Sept. 24, 2007); Riches v. Shiavo, No. 8:07cv01730 (M.D. Fla. Sept. 27, 2007); Riches v. Wal-Mart Stores Inc., No. 4:07cv00780 (E.D. Ark. Oct. 2, 2007); Riches v. Peterson, No. 3:07cv04539 (N.D. Cal. Oct. 3, 2007); Riches v. Craig, No. 1:07cv00538 (D. Del. Oct. 5, 2007); Riches v. Brady v. Maryland, 373 U.S. 83, 8:07cv02666 (D. Md. Oct. 9, 2007); Riches v. Noriega, No. 2:07cv00619 (M.D. Fla. Oct. 17, 2007); Riches v. Trump, No. 3:07cv00478 (D. Nev. Oct. 17, 2007).

[3] The court has previously notified Riches that he may not file civil actions in this court unless he either pays the filing fee or demonstrates that he is under imminent danger of serious physical injury. Therefore, the court will not give Riches additional time to pay the filing fee or amend his complaints.